IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 05-10164-GAO |
| GUILLERMO FREDERICO VASCO ) | |

**GOVERNMENT'S MOTION TO ALLOW JURORS TO READ
TRANSCRIPTS BEFORE REVIEWING VIDEOTAPES**

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorneys Sandra S. Bower and Rachel E. Hershfang, respectfully seeks the Court's permission to publish transcripts to the jury in advance of its publication of the videotape transcribed in those transcripts.  In support of this motion, the government states as follows:

1.   A significant amount of evidence in this case will be presented in the form of two audio- and videotaped meetings between the defendant, Guillermo Vasco ("Vasco") and the undercover agent, ATF Special Agent Ken Croke ("S.A. Croke").  In total, the government estimates it will present between 45 minutes and an hour of these recordings (not, of course, without interruption).

2.   The conversations on these recordings is in English. However, due to the technical challenges of recording without Vasco's knowledge, both the sound and the image quality vary throughout the recordings.  In particular, there are moments when Vasco's voice is particularly quiet. In addition, Vasco is not a

native English-speaker, and, from time to time, can be difficult to understand.

3. To aid the jurors in following and understanding the recorded conversation, the government has prepared transcripts of the meetings. Drafts of these transcripts have been provided to Vasco, through counsel, and the government will continue to update these drafts in the event that any changes are made to the transcripts.

4. Due to time and financial constraints, it is not possible to caption the videotape, so that the conversation might appear on the bottom of the screen as Vasco and S.A. Croke are speaking (much like in a foreign-language film). If the videotape is published to the jurors without a transcript, the undersigned is concerned that the government may be required to re-publish segments of the recording so that the jury can both hear and absorb what is occurring in the videotape.

5. Simply providing the jurors with transcripts at the same time the video is playing will not serve the purpose, as the jurors will then be likely to read their transcripts, rather than watch the videotape that is being published to them.

6. So as to avoid re-publishing the same portions of the recording, the government requests that the Court allow the following: that the jurors, who will be provided with binders containing the transcripts, be permitted to review the transcript of each segment of the videotape *before* the segment is published to the jury. Having previewed the conversation ahead of time, the jurors will be more easily able to follow the videotape and

to absorb it on the first showing.

    7.   The government expects that the Court will instruct the jurors, as is customary, that the transcripts are not evidence, and that in the event of any conflict between the transcript and what a juror hears on the tape, it is what they hear, rather than what they read, that should guide their assessment of the evidence.

                                   Respectfully submitted,

                                   MICHAEL J. SULLIVAN
                                 UNITED STATES ATTORNEY

                        By:  /s/ Rachel E. Hershfang_____
                            RACHEL E. HERSHFANG
                            SANDRA S. BOWER
                            Assistant United States Attorneys

October 31, 2006

### Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

                      /s/ Rachel E. Hershfang
                      Rachel E. Hershfang