UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10164-GAO |
| | ) | |
| **GUILLERMO FREDERICO VASCO** | ) | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM STATING ITEMS IN ITS OPENING

The United States of America, by its attorneys Assistant U.S. Attorney Sandra S. Bower and Rachel E. Hershfang, respectfully requests this Court to deny the defendant's motion asking that the government be precluded from mentioning the defendant's attack on his wife on May 5, 2004, in its opening statement.

Contrary to the assertion in the defendant's motion, (Def. Motion at ¶1), the Court has ruled on the admissibility of this evidence. That is, at the pretrial conference on October 26, 2006, the government advised the Court of its intention to elicit such testimony–and went into some detail as to the facts it expected to be testified to– and the Court ruled that the evidence was admissible. The Court noted that the fact that the defendant's wife might be a witness against him in connection with the state charges was a possible motive for the murder-for-hire charges he is facing in federal court and that the evidence also is relevant on the issue of intent. The Court further stated that although the divorce proceeding might also be relevant, the government should not be required to try "half a case."

The government advises the Court that it only intends to elicit testimony about the attack from Dr. Tricia Vasco and does not intend to call any of the other witnesses in the state

1

case–such as the employees of the Lynn Clerk's Office where Dr. Vasco was able to escape from the defendant–or the various police officers who participated in the arrest of the defendant and/or investigation of the case.

As the government argued at the pretrial conference–and as the Court ruled–the evidence is relevant to both motive and intent. Indeed, the defendant refers to the state case in his meetings and/or conversations with the "hit man," and, for example, acknowledges in one meeting that if the hit man "got rid of" his wife, the case would likely go away. Additionally, the defendant has contended in this case that he was entrapped into committing the offense and that the cooperating witness orchestrated the entire scheme. Evidence that the defendant had harmed his wife on May 5, 2004, is probative that he also had the intent later to have her killed. Where at least one permissible inference can be drawn from the evidence in question, it survives the ban on "bad character" evidence enunciated in Fed. R.Evid. 404(b). United States v. Ferrer-Cruz, 899 F.2d 135, 138 (1st Cir. 1990).

In evaluating whether the proffered evidence is unfairly prejudicial to the defendant, the courts have consistently cautioned against the invocation of Fed.R.Evid. 403 to exclude otherwise relevant evidence, calling it an "extraordinary remedy to be used sparingly." United States v. Grassi, 783 F.2d 1572, 1579 (11th Cir. 1986). Usually, courts use the term "unfair prejudice" for evidence that invites the jury to render a verdict on an improper emotional basis. For example, the First Circuit has upheld the exclusion of prior bad act evidence in part because it was "undeniably explosive," United States v. Gilbert, 229 F.3d 15, 26 (1st Cir. 2000), and been cautious when the prior act is a "shocking or heinous crime likely to inflame the jury." United States v. Moccia, 681 F.2d 61, 64 (1st Cir. 1982); see also United States v. Van Metre, 150 F.3d

339, 351-52 (4th Cir. 1998) (upholding district court's admission of evidence relating to prior kidnapping, rape and solicitation to murder another woman as relevant to show intent to assault the victim in case on trial and concluding that prejudicial impact did not substantially outweigh probative value.)

WHEREFORE, the United States respectfully requests the Court to deny the defendant's motion to preclude the government from referring to the events of May 5, 2004, in its opening statement.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Sandra S. Bower
>    SANDRA S. BOWER
>    RACHEL E. HERSHFANG
>    Assistant U.S. Attorneys

Dated: 11-2-06

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

>/s/ Sandra S. Bower
>SANDRA S. BOWER
>Assistant U.S. Attorney