UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10164-GAO |
| | ) | |
| GUILLERMO FREDERICO VASCO | ) | |
| Defendant | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America hereby submits, pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case. The government reserves the right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

November 4, 2006        By:    /s/ Sandra S. Bower
SANDRA S. BOWER
RACHEL E. HERSHFANG
Assistant United States Attorneys
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3184

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Sandra S. Bower
SANDRA S. BOWER
Assistant U.S. Attorney

## TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . 2

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . . 3

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . 4

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . 7

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . 8

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . 10

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . 11

USE OF RECORDINGS AND TRANSCRIPTS . . . . . . . . . . . . . . 13

**FINAL INSTRUCTIONS**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . 15

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . 16

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . 18

WHAT IS EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . 19

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL . . . . . . . . 20

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . 21

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF
      EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . 22

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . 23

INTRODUCTION TO OFFENSE INSTRUCTIONS . . . . . . . . . . . . . 25

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 26

"ON OR ABOUT" - EXPLAINED . . . . . . . . . . . . . . . . . . 27

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . 28

i

PROOF OF KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . 29

PROOF OF INTENT . . . . . . . . . . . . . . . . . . . . . . 30

MOTIVE . . . . . . . . . . . . . . . . . . . . . . . . . . 31

USE OF THE MAIL OR INTERSTATE COMMERCE FACILITIES IN THE
      COMMISSION OF MURDER-FOR-HIRE . . . . . . . . . . . . 32

USE OF INTERSTATE COMMERCE FACILITIES . . . . . . . . . . . 33

INTENT THAT MURDER BE COMMITTED . . . . . . . . . . . . . . 35

PECUNIARY VALUE . . . . . . . . . . . . . . . . . . . . . . 36

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . 38

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . 39

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . 40

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . 42

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . 43

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

1

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney Sandra S. Bower and Rachel Hershfang.  The defendant, Guillermo Vasco, is represented by Melvin Norris.

The defendant has been charged by the government with five counts of using the mail or a facility of interstate commerce, here, the telephone, to solicit the commission of the murder of his wife and daughter.  The charges against the defendant are contained in the Superseding Indictment.  The Superseding Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denies committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.02 (1998)

2

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case.  The defendant has been charged by the government with five violations of Title 18, United States Code, Section 1958.  Each count requires the government to prove that:

First, that the defendant used or caused another to use the mail or other facility of interstate or foreign commerce, in this case, a telephone;

Second, that the use of the mail or the telephone was done with the intent that a murder be committed in violation of the laws of any state or the United States; and

Third, that the murder was intended to be committed in exchange for the receipt of, or promise to pay, anything of pecuniary value.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.


First Circuit Pattern Jury Instructions (Criminal) Inst. 1.04 (1998).

3

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

4

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and  "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and

circumstantial evidence.  The law permits you to give equal
weight to both, but it is for you to decide how much weight to
give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05
(1998).

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

7

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to

you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the
courtroom deputy has distributed pencils and pads for your use.
I want to give you a couple of warnings about taking notes,
however.  First of all, do not allow your note-taking to distract
you from listening carefully to the testimony that is being
presented.  If you would prefer not to take notes at all but
simply to listen, please feel free to do so.  Please remember
also from some of your grade-school experiences that not
everything you write down is necessarily what was said.  Thus,
when you return to the jury room to discuss the case, do not
assume simply because something appears in somebody's notes that
it necessarily took place in court.  Instead, it is your
collective memory that must control as you deliberate upon the
verdict.  Please take your notes to the jury room at every
recess.  I will have the courtroom deputy collect them at the end
of each day and place them in the vault.  They will then be
returned to you the next morning.  When the case is over, your
notes will be destroyed.  These steps are in line with my earlier
instruction to you that it is important that you not discuss the
case with anyone or permit anyone to discuss it with you.


First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08
(1998).

10

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Superseding Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in his own behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the

11

government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

12

### USE OF RECORDINGS AND TRANSCRIPTS

During this trial you are going hear conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the recordings are played.  The transcript is merely to help you understand what is said on the recording.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the recording that is the evidence, not the transcript.  Any time there is a variation between the recording and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, § 2.08, 1998, as modified; <u>see</u> <u>United States v. Mazza</u>, 792 F.2d 1210, 1227 (1st Cir. 1986).

13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
UNITED STATES OF AMERICA          )
                                  )
      v.                          )  CRIMINAL NO. 05-10164-GAO
                                  )
GUILLERMO FREDERICO VASCO         )
               Defendant.         )
```

COURT'S FINAL INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

14

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.01 (1998).

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime

16

charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998).

17

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

18

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 (1998).

19

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Superseding Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.05 (1998); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

20

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998).

21

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.07 (1998).

22

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Superseding Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment. You will have that Superseding Indictment before you in the course of your deliberations in the jury room.  That Superseding Indictment was returned by a grand jury, which heard only the

23

government's side of the case.  I caution you, as I have before,
that the fact that this defendant has been indicted is no
evidence whatsoever of his guilt.  The Superseding Indictment is
simply an accusation.  It is the means by which the allegations
and charges of the government are brought before this court.  The
Superseding Indictment proves nothing.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08
(1998).

24

**INTRODUCTION TO OFFENSE INSTRUCTIONS**

In this case, as you know, the indictment charges five offenses called "counts."  I will not read the counts to you because you will be given a copy of the superseding indictment for study during your deliberations.  In summary, Count One charges the defendant with using the mail to solicit the commission of the murder of his wife.  Counts Two through Four charge the defendant with the use of the telephone to solicit the commission of the murder of his wife.  Count Five charges the defendant with use of the mail to solicit the commission of the murder of his daughter.  Each Count alleges a violation of Title 18, United States Code, Section 1958.

Modified from Eleventh Circuit District Judges Association, Pattern Jury Instructions Committee, <u>Pattern Jury Instructions, Criminal Cases</u> (1985).

25

**PUNISHMENT**

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the Judge to determine.

Eleventh Circuit District Judges Association, Pattern Jury Instructions Committee, Pattern Jury Instructions, Criminal Cases (1985), No. 10.

26

**"ON OR ABOUT" - EXPLAINED**

The Superseding Indictment charges that the crimes alleged were committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the crimes were committed on a date reasonably near the dates alleged in the Superseding Indictment, it is not necessary for the government to prove that the crimes were committed precisely on the dates charged.

Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

27

## STIPULATIONS

The evidence in this case includes facts to which the parties have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

28

**PROOF OF KNOWLEDGE**

Because it is impossible to prove through direct evidence the
inner workings of the human mind, it is frequently necessary to
resort to circumstantial evidence.  Thus, in deciding whether
something is done knowingly, the jury may consider the actions of
the defendant, all of the facts and circumstances surrounding his
conduct, and any reasonable inferences to be drawn from those
facts and circumstances.

1 Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u>,
¶6.06, No. 6-17 (2001); 1A Kevin F. O'Malley, <u>et al.</u>, <u>Federal
Jury Practice and Instructions</u>, § 17.07 (5th ed. 2000).

**PROOF OF INTENT**

To act with intent refers to a mental condition or state of mind.  Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there. Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances.  In this connection you may consider any actions undertaken by a defendant and any statements made by him and all other facts and circumstances in evidence which bear on the defendant's state of mind.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.13 (3d ed. 1977).

30

## MOTIVE

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done.  The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.11 (3d ed. 1977).

## USE OF THE MAIL OR INTERSTATE COMMERCE FACILITIES IN THE COMMISSION OF MURDER-FOR-HIRE

The defendant is charged in Counts One through Four of the Superseding Indictment with using, or causing another person to use, the mail or the telephone with intent that the murder of his wife be committed.  He is charged in Count Five with using, or causing another person to use, the mail with the intent that the murder of his daughter be committed.  For you to find the defendant guilty of these offenses, you must be satisfied that the government has proven each of the following three elements:

(1) that the defendant used, or caused another to use, the mail or a facility of interstate commerce -- in this case, a telephone;

(2) that the use of the mail or the telephone was done with the intent that a murder be committed; and

(3) that the murder was intended to be committed in exchange for the receipt of, or promise to pay, anything of pecuniary value.

United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996); United States v. Gilbert, 181 F.3d 152 (1st Cir.1999); United States v. Richeson, 338 F.3d 653, 656-58 (7th Cir.2003); United States v. Marek, 238 F.3d 310, 318 (5th Cir. 2001) (en banc); United States v. Jenkins, 943 F.2d 167, 172 (2nd Cir. 1991); 3 L. Sand, et al., Modern Federal Jury Instructions, ¶ 60.02, Form Instruction 60-14 (2001).

32

## USE OF INTERSTATE COMMERCE FACILITIES

The first element, using the mail or using a facility of interstate commerce, is a jurisdictional element.  That is, use of the mail or the use of a facility of interstate commerce is an essential element of a murder-for-hire prosecution because it justifies federal jurisdiction.

If you find that the defendant used the mail, then that is sufficient to satisfy the jurisdictional element of the statute.

Additionally, facilities of interstate commerce include telephones.  The intrastate use of a telephone is sufficient to establish the use of interstate commerce facilities because telephones are themselves facilities of interstate commerce. That is, if you find that the defendant used a telephone, or caused another to do so, with the intent that the call further or assist a murder-for-hire, then that is sufficient to satisfy this jurisdictional element of the statute.

There is no requirement that mailing or use of the interstate facilities be essential to the scheme: it is enough that the mailing or use of interstate facilities makes easier or facilitates the unlawful activity.

United States v. Gilbert, 181 F.3d 152 (1st Cir.1999) (intrastate telephone call to make a bomb threat sufficient to sustain jurisdiction under the commerce clause); United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996); United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003) (sufficient to sustain jurisdiction under § 1958 if defendant used an interstate facility, such as a telephone, in an intrastate fashion); United States v. Marek, 238 F.3d 310, 318 (5th Cir. 2001) (en banc) (in

33

murder-for-hire statute, use of phrase "in interstate or foreign commerce" modifies "facility" and not "use," so that even <u>intrastate</u> use of any facility of <u>interstate</u> commerce will satisfy jurisdictional element of statute); <u>United States v. Weathers</u>, 169 F.3d 336, 341 (6th Cir.1999) (defendant's use of his cellular telephone in murder-for-hire scheme satisfied interstate commerce jurisdictional requirement of federal murder-for-hire statute); <u>United States v. Clayton</u>, 108 F.3d 1114, 1117 (9th Cir.1997) (use of cellular telephone satisfied interstate commerce requirement in analogous statute; <u>United States v. Kunzman</u>, 54 F.3d 1522, 1527 (10th Cir.1995) ("As long as the instrumentality used is itself an integral part of an inter-state system, Congress may regulate intrastate activities involving the use of the instrumentality.").

**INTENT THAT MURDER BE COMMITTED**

With respect to the second element, the government must prove that the defendant used the mail or used the facility of interstate commerce, that is, the telephone, with the intent to further or facilitate the commission of the murder of his wife or, with respect to Count Five, his daughter.  The government does not have to prove that the murder was committed or even that it was attempted.

It also is sufficient for the intent to be conditional.  Conditional intent means that the defendant's intent regarding some act was conditioned on other circumstances or events, either occurring or not occurring.  An intent to kill, in the alternative, is nevertheless an intent to kill.  Thus, you may conclude that the defendant in this case intended the murder of his daughter even if he intended her to be murdered only if another event could not occur.

United States v. Gilbert, 181 F.3d 152 (1st Cir.1999); United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003); United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990); 3 L. Sand, et al., Modern Federal Jury Instructions, ¶ 60.02, Form Instruction 60-16 (2001).
United States v. Gilbert, 181 F.3d 152 (1st Cir.1999); United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003); United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990); 3 L. Sand, et al., Modern Federal Jury Instructions, ¶ 60.02, Form Instruction 60-16 (2001).
Holloway v. United States, 526 U.S. 1, 11 (1999) ("cases and the scholarly writing...have recognized that the 'specific intent' to commit a wrongful act may be conditional...'[a]n intent to kill, in the alternative, is nevertheless an intent to kill.'" (quoting R. Perkins & R. Boyce, Criminal Law, 647 (3d. Ed. 1982))); United States v. Anello, 765 F.2d 253, 262 (1st Cir. 1985) (conditional agreement to buy marijuana "if the quality was adequate," found sufficient for conspiracy as an agreement to buy); United States v. Arrellano, 812 F.2d 1209, 1212 n.2 (9th Cir. 1987) ("But conditional intent is still intent").

### PECUNIARY VALUE

With regard to the third element, the government must prove that the defendant intended that the murder of his wife, or daughter, be committed in exchange for the receipt of or a promise to pay anything of pecuniary value, such as money.

The statute does not require that more than one person share the intent that the murder of the defendant's wife be committed in exchange for the payment of something of pecuniary value. That is, it is sufficient if the defendant intended that the murder of his wife or daughter be committed in exchange for the payment of something of pecuniary value, regardless of whether another person actually intend to kill the defendant's wife or daughter.

The statute does not require that the third element -- the agreement to pay something of pecuniary value in exchange for the murder -- exist at the time of the mailing or use of the interstate commerce facility.  That is, it is sufficient if the agreement to pay something of pecuniary value in exchange for the murder of defendant's wife or daughter came after the mailing or after the use of an interstate commerce facility.

United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003) (defendant argued that the interstate mailings could not support his murder-for-hire conviction because the letters "contained no

36

mention of remuneration and preceded the phone conversations in which payment for the murders was discussed"; the 7th Circuit rejected this argument, reasoning that "§ 1958 does not require that the mailings themselves prove all the essential elements of the crime, only that they be used 'with intent that a murder-for-hire be committed'").

United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990) (§ 1958 does not require contract to exist and consideration be provided at time of interstate travel, so long as travel commenced for purpose of facilitating the murder-for-hire).

United States v. McCullah, 76 F.3d 1087, 1104 (10th Cir.1996) (upholding murder-for-hire conviction where defendant did not know of murder plan at time of interstate travel, but his co-defendants had planned a murder-for-hire and intended that defendant's interstate travel facilitate their murder scheme).

United States v. Lozano, 839 F.2d 1020, 1022 (4th Cir.1988); United States v. Smith, 789 F.2d 196, 203 (3d Cir.1986). See also United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996) ("In interpreting 18 U.S.C. § 1958, it is entirely appropriate to look to case law construing the Travel Act, 18 U.S.C. § 1952.").

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998).

38

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998).

39

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

40

conviction as to the weight and effect of the evidence simply to

reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03
(1998).

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.04 (1998).

42

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998).

43