UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                         Cr. No. 05-10164-GAO

GUILLERMO VASCO

**DEFENDANT GUILLERMO VASCO'S REQUEST FOR JURY INSTRUCTIONS**

The defendant in the above-captioned matter, Guillermo Vasco, hereby requests that this Honorable Court give the following specific instructions to the jury in addition to its usual general instructions:

**REQUESTED INSTRUCTION NO. 1**
(credibility of witnesses)

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or

1

contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two (2) or more persons witnessing the incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. Devitt and Blackmar, Federal Jury Practice and Instructions, par. 17.01.

## REQUESTED INSTRUCTION NO. 2

(credibility of testimony)

The testimony of a witness may be discredited or impeached by contradictory evidence, or by evidence that he or she previously made statements which are inconsistent with his or her present testimony, or by testimony from other witnesses that is inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Devitt and Blackmar, par. 17.08.

**REQUESTED INSTRUCTION NO. 3**

(acceptance of testimony)

You are not required to accept any testimony you have heard in this case, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of this testimony, or because of what he has to gain by testifying, or for other reasons sufficient to you, that such testimony is not worthy of belief. Devitt and Blackmar, par. 17.21.

**REQUESTED INSTRUCTION NO. 4**

(entrapment)

Guillermo Vasco maintains that he was entrapped. A person is entrapped when he is induced or persuaded by law enforcement officers or their agents to commit a crime that he was not otherwise ready and willing to commit. The law forbids his conviction in such a case. However, law enforcement agents are permitted to use a variety of methods to afford an opportunity to a defendant to commit an offense, including the use of undercover agents, furnishing of funds for the purchase of controlled substances, the use of informers and the adoption of false identities.

For you to find Guillermo Vasco guilty of the crime with which he is charged, you must be convinced that the government has proven beyond a reasonable doubt that Guillermo Vasco was not entrapped. To show that Guillermo Vasco was not entrapped, the government must establish beyond a reasonable doubt one of the following two things:

One, that the government did not persuade or talk Guillermo Vasco into committing the crime. Simply giving someone an opportunity to commit a crime is not the same as persuading him/her, but excessive pressure by the government or an undue appeal to sympathy can be improper; OR

Two, that Guillermo Vasco was ready, willing and able to commit the crime without any persuasion from Special Agent Croke, Kevin Perry or any other government agent. In that connection, you have heard testimony about actions by Guillermo Vasco for which he is not on trial. You are the sole judges of whether to believe such testimony. If you decide to believe such evidence, I caution you that you may consider it only for the limited purpose of determining whether it tends to show Guillermo Vasco's willingness to commit the charged crime or crimes without the persuasion of a government agent. You must not consider it for any other purpose. You must not, for instance, convict a defendant because you believe that he is guilty of other improper conduct for which he has not been charged in this case.

## REQUESTED INSTRUCTION NO. 5

(right not to testify)

Guillermo Vasco has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## REQUESTED INSTRUCTION NO. 6

(Impeachment by Prior Inconsistent Statement - if applicable)

You have heard evidence that before testifying at this trial, a witness made a statement concerning the same subject matter as his/her testimony in this trial. You may consider that earlier statement to help you decide how much of his testimony to believe. If you find that the prior statement was not consistent with the witnesses testimony at this trial, then you should decide whether that affects the believability of that witnesses testimony at this trial.

## REQUESTED INSTRUCTION NO. 7

(Impeachment of Witness Testimony by Prior Conviction)

You have heard evidence that a witness has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give that witness' testimony.

## REQUESTED INSTRUCTION NO. 8

(Caution as to Cooperating Witness/Accomplice)

You have heard the testimony of cooperating witnesses. They:

(1) provided evidence under agreements with the government; and/or

(2) participated in the crime charged against Mr. Vasco; and/or

(3) were granted immunity in exchange for their testimony against Mr. Vasco.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up

stories or exaggerate what others did because they wanted to help themselves.  See *U.S. v. Wright*, 573 F.2d 681, 685 (1st Cir. 1978); *U.S. v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); First Circuit Pattern Instructions.

## REQUESTED INSTRUCTION NO. 9

(Immunized Testimony) - if applicable

Further, you've heard the testimony of _____, each of whom has testified under a grant of immunity issued by a court. What this means is that the testimony of those individuals may not be used against them in any subsequent criminal proceeding.*  Notwithstanding the fact that an immune person may be prosecuted for perjury, you may be cautioned that an immune witness may have a motive to testify in such a way that is favorable to themselves.  *\*See e.g. United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001).

## REQUESTED INSTRUCTION NO. 10

(attempt)

In order to carry its burden of proof for the crime of attempt to do the crime as charged in the indictment, the government must prove the following two things beyond a reasonable doubt:

First, that Mr. Vasco intended to commit the crime; and

Second, that Guillermo Vasco engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more than mere preparation, but less than the last act necessary before the

substantive crime is completed.

THE DEFENDANT RESERVES THE RIGHT TO REQUEST ADDITIONAL INSTRUCTIONS IF APPROPRIATE.

                                  Respectfully submitted,
                                  Guillermo Vasco
                                  By his attorney,

Dated: November 6, 2006                      /s/ Melvin Norris

                                  Melvin Norris
                                  260 Boston Post Road, Suite 9
                                  Wayland, MA 01778
                                  (508) 358-3305
                                  BBO# 373900