UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                          Cr. No. 05-10164-GAO

GUILLERMO VASCO

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**
**Fed. R. Crim. P. 29**

Now comes the defendant in the above matter, Guillermo Vasco, and moves that this Honorable Court enter a Judgment of Acquittal on Counts 1 through 5 of the Indictment because the government has failed to provide facts such that a jury could reasonably find him guilty. As reasons therefor, the defendant states the following:

1. With regard to Count I, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the mail on April 7, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The government has introduced no evidence that the defendant used or caused to be used the mail in this way, and therefore the Court should order a Judgment of Acquittal on Count 1.

2. With regard to Count 2, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and

1

       intentionally causing to be used the telephone on April 28, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The government has introduced no evidence that the defendant used or caused to be used the telephone in violation of the statute, and therefore the Court should order a Judgment of Acquittal on Count 2.

3. With regard to Count 3, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the telephone on April 29, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The government has introduced no evidence that the defendant used or caused to be used the telephone in violation of the statute, and therefore the Court should order a Judgment of Acquittal on Count 3.

4. With regard to Count 4, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the telephone on May 16, 2006, with the intention that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The government has introduced no evidence that the defendant used or caused to be used the telephone in violation of the statute, and therefore the Court should order a Judgment of Acquittal on Count 4.

5. With regard to Count 5, the government has provided no evidence which would permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the mail on April 7, 2006, with the intention that the murder

of his daughter be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The government has introduced no evidence that the defendant used or caused to be used the mail in this way, and therefore the Court should order a Judgment of Acquittal on Count 5.

The government has introduced no evidence, circumstantial or direct, that there was ever a payment or promise to pay money or other items of pecuniary value for the murder of his daughter in violation of 18 U.S.C. 1958. Without this element, the government cannot prove a violation of the statute.

Furthermore, the government has introduced no evidence that the defendant ever harbored the intent to murder his daughter. The failure to provide evidence of this statutory requirement is similarly fatal to Count 5.

Since the government has introduced no evidence to support these elements of the crime, the Court must direct that the defendant be acquitted of Count 5 of the Indictment.

Respectfully submitted,
Guillermo Vasco
By his attorney,

Dated: November 13, 2006

Melvin Norris
260 Boston Post Road
Wayland, MA 01778
(508) 358-3305
BBO# 373900

CERTIFICATE OF SERVICE

3

I, Melvin Norris, hereby certify that a true copy of the foregoing Motion was served upon Assistant United States Attorneys Sandra Bower and Rachel Hershfang by hand on this date.

_____
Melvin Norris