UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.   Cr. No. 05-10164-GAO

GUILLERMO VASCO

**DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT**
**Fed. R. Crim. P. 29(c)**

Now comes the defendant in the above matter, Guillermo Vasco, and moves that this Honorable Court enter a Judgment of Acquittal on Counts 1 through 5 of the Indictment because the government has failed to provide facts such that a jury could reasonably find him guilty. As reasons therefor, the defendant states the following:

1. With regard to Count I, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the mail on April 7, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The Commonwealth failed to provide such evidence sufficient to prove this Count, and failed to submit any evidence whatsoever that the murder is in violation of the laws of the Commonwealth.

2. With regard to Count 2, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and

1

intentionally causing to be used the telephone on April 28, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The Commonwealth failed to provide such evidence sufficient to prove this Count, and failed to submit any evidence whatsoever that the murder is in violation of the laws of the Commonwealth.

3. With regard to Count 3, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the telephone on April 29, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The Commonwealth failed to provide such evidence sufficient to prove this Count, and failed to submit any evidence whatsoever that the murder is in violation of the laws of the Commonwealth.

4. With regard to Count 4, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the telephone on May 16, 2006, with the intention that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The Commonwealth failed to provide such evidence sufficient to prove this Count, and failed to submit any evidence whatsoever that the murder is in violation of the laws of the Commonwealth.

5. With regard to Count 5, the government has provided no evidence which would permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the mail on April 7, 2006, with the intention that the murder

of his daughter be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder. The government has introduced no evidence that the defendant used or caused to be used the mail in this way, and therefore the Court should order a Judgment of Acquittal on Count 5.

The government introduced insufficient evidence to show that the one line in the April 7, 2004 letter contained an intent to commit murder of his daughter, conditional or otherwise. In fact, Kevin Perry stated in his testimony that Agent O'Shaunnessy told Perry to have Mr. Vasco send the letter to the 'Hit Man' in Maine, and Perry also testified that he told Mr. Vasco what had to be in the letter. Therefore, the jury verdict of Guilty with regard to Count 5 is clearly against the weight of the evidence. Further, there was no evidence that Mr. Vasco promised payment in that letter for the murder of his daughter.

Furthermore, the government has introduced no evidence that the defendant ever harbored the intent to murder his daughter. In fact, almost all of the evidence was to the contrary, where the video tapes clearly demonstrated Mr. Vasco's intent to save his daughter and send her to Equador for an additional cost of $20,000.00. See Exhibit 9. The failure to provide evidence of this statutory requirement is similarly fatal to Count 5. Where the elements of the crime require a specific intent to kill his daughter, there was insufficient evidence for a reasonable jury to find Mr. Vasco Guilty Beyond a Reasonable Doubt.

Since the government has introduced insufficient evidence to support the Jury's verdict on this Count, the Court must direct that the defendant be acquitted of Count 5 of the Indictment.

Wherefore, Mr. Vasco requests that this Court set aside the guilty verdict of Count 5, as well as counts 1-4, pursuant to F.R.Crim.P. 29(c)(2).

                                                Respectfully submitted,
                                                Guillermo Vasco
                                                By his attorney,

Dated: November 16, 2006                    /s/ Melvin Norris

                                                Melvin Norris
                                                260 Boston Post Road
                                                Wayland, MA 01778
                                                (508) 358-3305
                                                BBO# 373900

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

                                                /s/ Melvin Norris
                                              MELVIN NORRIS