UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                          Cr. No. 05-10164 GAO

GUILLERMO F. VASCO

**MOTION FOR NEW TRIAL**

Now comes the defendant in the above matter, Guillermo Vasco, and moves that this Honorable Court grant him a New Trial on Counts 1 through 5 of the Indictment. As reasons therefor, the defendant states the following:

1.  Counts 1 and 5:

The defendant should be granted a New Trial on Counts 1and 5 for several reasons. Firstly, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the mail on April 7, 2006, with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder.

The Government also failed to introduce any evidence proving that the alleged murder is in violation of the laws of the Commonwealth, and the Court should not have instructed the Jury that such a murder is a violation of the law of the Commonwealth.

Additionally, the Court's refusal to grant an entrapment instruction was error and had the effect of negating the defense. The testimony by Kevin Perry was that he told the defendant what to write in the April 7, 2006 letter, and that a Government Agent had told him what to tell Vasco

to write.  This is clearly entrapment, where Vasco was induced to commit the crime charged - mailing the April 7, 2006 letter, by the action of the government.  Vasco was not required to present direct evidence of his state of mind, but it is clear that Vasco would not have mailed a letter in interstate commerce if not for the inducement of the government.  In this particular case, the entrapment involved mailing the letter, NOT the plan to kill his wife.

Where Perry testified unequivocally that he was acting on behalf of the government, and he directed that Vasco commit the charged crime, failure to give the entrapment instruction was improper, and the defendant should be granted a new trial.  The government introduced insufficient evidence to show that the one line in the April 7, 2004 letter contained an intent to commit murder of his daughter, conditional or otherwise.  In fact, Kevin Perry stated in his testimony that Agent O'Shaunnessy told Perry to have Mr. Vasco send the letter to the 'Hit Man' in Maine, and Perry also testified that he told Mr. Vasco what had to be in the letter.  Therefore, the jury verdict of Guilty with regard to Count 5 is clearly against the weight of the evidence.  Further, there was no evidence that Mr. Vasco promised payment in that letter for the murder of his daughter.

Furthermore, the government has introduced no evidence that the defendant ever harbored the intent to murder his daughter.  In fact, almost all of the evidence was to the contrary, where the video tapes clearly demonstrated Mr. Vasco's intent to save his daughter and send her to Equador for an additional cost of $20,000.00.  See Exhibit 9.  The failure to provide evidence of this statutory requirement is similarly fatal to Count 5.  Where the elements of the crime require a specific intent to kill his daughter, there was insufficient evidence for a reasonable jury to find Mr. Vasco Guilty Beyond a Reasonable Doubt.

2.      With regard to Counts 2 - 4, the government has provided insufficient evidence to permit a reasonable jury to find the defendant Guilty beyond a reasonable doubt of knowingly and intentionally causing to be used the telephone with the intent that the murder of his wife be committed in violation of the laws of the Commonwealth, and that any money was paid or promised to be paid for such murder.  Kevin Perry was, while being an agent of the government, responsible for placing and arranging the telephone calls, and was involved in each call.  This action was direct action by a government agent which had the effect of causing the charged crime to be committed.

Finally, it was clear that the Jury was confused by the lack of the Entrapment Instruction as shown by their question to the Court regarding the Intent of Vasco and the relationship of Perry to that Intent.  Because no Entrapment Instruction was given, the Jury was unable to consider the testimony of Kevin Perry in context, and a New Trial should be granted.

                                            Respectfully Submitted,
                                            by his attorney,

Date:   November 24, 2006                 /s/ Melvin Norris
                                            Melvin Norris
                                            260 Boston Post Road, Suite 9
                                            Wayland, MA 01778
                                            (508) 358-3305
                                            MA BBO# 373900

## CERTIFICATE OF SERVICE

I, Melvin Norris, hereby certify that I served a true copy of the foregoing document upon the Office of the United States Attorney and all counsel of record in hand on this date:

                                            /s/ Melvin Norris

                                            MELVIN NORRIS