UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                                            Cr. No. 05-10164 GAO

GUILLERMO F. VASCO

### DEFENDANT'S SENTENCING MEMORANDUM

Now comes the defendant and submits this memorandum of law and fact for the consideration of the Court at sentencing.

### FACTUAL BACKGROUND

Mr. Vasco was convicted by a Jury of five counts of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire pursuant to 18 U.S.C. § 1958 by Jury. This sentencing is for the five counts of conviction.

The defendant submits that the facts are adequately set forth in the Presentence Report for purposes of sentencing,[1] and will not set them forth in detail here.

### ARGUMENT

1.  <u>Mr. Vasco should be determined to have a Sentencing Guideline Range base offense level of 32.</u>

    Mr. Vasco was convicted by a Jury of five counts of Use of Interstate Commerce Facilities

---

[1] The defendant does not agree with the government statement of the offense, and maintains that the Court was present for the duration of the trial and should consider the testimony at trial at his sentencing.

in the Commission of Murder-for-Hire pursuant to 18 U.S.C. § 1958. The Sentencing Guidelines have a provision which is identically titled. U.S.S.G. § 2E1.4. The guideline directly fits the crime of conviction: use of interstate commerce facilities for the purposes of murder for hire. The jury did not convict Mr. Vasco of soliciting a murder for hire, nor was he charged with that crime. Therefore, the defendant's position in this case is that the underlying crime is simply the murder for hire provision.

The defendant strongly disagrees with probation's position that the underlying offense is something other than the offense of conviction. The defendant maintains, as an initial matter, notes that under Supreme Court precedent and the Sixth Amendment, most recently in Cunningham v. California, 127 S. Ct. 856; 2007 U.S. LEXIS 1324 (Jan. 22, 2007), Mr. Vasco may only be punished for the offense of conviction. The conviction was specifically for "murder for hire" and NOT for solicitation to commit murder, and therefore the application of § 2A1.5(a) is not only error as a matter of law, but is also in violation of Supreme Court decisions stating that a jury must find facts which would increase the statutory penalty, constitute a different crime, and – in the view of the defendant – drastically increase the guideline range by punishing him for a crime and criminal conduct that he was not convicted of. See e.g. Apprendi v. New Jersey, 530 U. S. 466 (2000); Ring v. Arizona, 536 U. S. 584 (2002); Blakely v. Washington, 542 U. S. 296 (2004); United States v. Booker, 543 U. S. 220 (2005). "[T]he relevant 'statutory maximum'...is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Cunningham v. California, 2007 U.S. LEXIS 1324, 27-29 (Jan. 22, 2007), citing Blakely v. Washington, 542 U. S., at 303-304. The application of the Solicitation for Murder Guidelines would be an impermissible attempt to shift the proof of certain

facts from elements of a crime to sentencing factors. See e.g. Blakely, infra. Therefore, a Jury must find that the defendant was actually guilty of solicitation to commit murder before that Guideline should be applied.

The "underlying unlawful conduct" in this case was precisely the counts of conviction, the writing of letters and placing of telephone calls. The counts of conviction did not include solicitation to commit murder, and therefore setting the guideline level for this violates the defendant's rights to a trial by jury and the defendant's right to a fair sentence.[2] As a result, the defendant maintains that § 2E1.4 sets the appropriate offense level, of 32. The defendant notes that cases interpreting the "underlying offense" language in this provision apply the first degree murder guideline *only where the murder was actually committed*. See. e.g. United States v Smith, 232 F.3d 650 (8th Cir. 2000).

Regardless, the Sentencing Guideline Application Notes should be considered to be rendered inoperative by the action of the Supreme Court decisions in the Apprendi line of cases. Indeed, under Cunningham v. California, 2007 U.S. LEXIS 1324, 27-29 (Jan. 22, 2007), the defendant maintains that a level 32 would be the presumptive "statutory maximum," and therefore to sentence Vasco under a different guideline provision would be in violation of his right to trial by jury and a violation of his Sixth Amendment rights.[3]

---

[2] The defendant recognizes, of course, that Supreme Court precedent (United States v. Booker) permits judicial factfinding for purposes of calculating the Sentencing Guidelines. However, the defendant maintains that probations position runs afoul of even the advisory guideline scheme by assigning a guideline level based upon an offense not committed nor even legally or factually possible in this case.

[3] The defendant maintains that even if the Court finds that the underlying offense was first degree murder, an additional enhancement of four points for the "offer or receipt of anything of pecuniary value" is impermissible double counting, as that was an element of the underlying

2. <u>The Counts of Conviction should not be grouped and therefore there should not be a two point addition for Count 5</u>.

Mr. Vasco maintains that for the purposes of Guideline calculations, the five counts should be considered to be part of the same course of conduct, and should be grouped together for guideline purposes. The count relating to the daughter, 5s, arises from the same letter charged in Count 1s, and therefore to use the grouping provisions to add two points to the Offense Level is to double count the same conduct impermissibly. The course of conduct in this case involved the same type of letters and telephone calls to the same agent. The letter which constituted the offense of conviction against the daughter was the same letter which initiated the scheme, and therefore the writing of that letter should be considered as one act, particularly in light of the contents of the letter.

The defendant maintains that it is inappropriate to split up the single letter for the sole purpose of increasing the sentencing guidelines.[4] The Sixth Circuit has held that multiple telephone calls constitute one offense under the statute, and must be grouped together for

---

crime and not a sentencing factor. Applying enhancements in that guideline would double count the fact that money was offered in exchange for a murder for hire – an element of the underlying crime of conviction. The very definition of murder for hire contemplates the offer of items of pecuniary value, and therefore, even if the solicitation for murder guideline is used, there should not be a four point enhancement.

[4]The defendant maintains his innocence of count 5s of the indictment, and does not waive his defense of entrapment for appeal purposes. The defendant maintains that he did not offer anything in exchange for a murder of his daughter, and that the evidence at trial overwhelmingly showed that he had no intent, conditional or otherwise, to kill his daughter. However, the defendant recognizes the jury verdict and the duty of the Court to sentence in accordance with that verdict.

purposes of the sentencing guidelines. <u>United States v. Wynn</u>, 987 F.2d 354 (6th Cir. 1993). It stands to reason that in this case the letters and telephone calls were all part of a single plan, and should therefore be considered as one course of conduct and one offense for purposes of the Guidelines.

Under U.S.S.G. § 3D1.2 (b), "When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan..." they are to be grouped. Certainly all five counts of conviction in this matter involved the same scheme or plan, where they involved the same letters and telephone calls. These were all part of the common scheme or plan, and are properly grouped. <u>See U.S. v. Wilson</u>, 920 F.2d 1290 (6th Cir. 1990).

The counts of conviction against Mr. Vasco were all part of a single course of action, a single offense, and an attempt to effectuate a single scheme. Therefore, they should be grouped together for purposes of the guideline calculation, and his range should not be increased as probation proposes pursuant to § 3D1.4. <u>See U.S. v. Wynn</u>, 987 F.2d 354 (6th Cir. 1993) (holding that separate phone calls all constituted a single ongoing violation of the statute, and therefore the counts should be grouped for guidelines purposes and should be subject to the ten year statutory maximum).

3.   <u>Mr. Vasco should be given a two level reduction for acceptance of responsibility</u>.

Mr. Vasco should be granted a two level reduction in this case for acceptance of responsibility under the Sentencing Guidelines. Under § 3E1.1, the defendant is eligible for a two level decrease in his offense level where "[he] clearly demonstrates acceptance of responsibility for his offense..." In this matter, Mr. Vasco did not dispute his responsibility for the offense, but

merely went to trial on the one count for which he maintained innocence and to present his affirmative defense.

The fact that Mr. Vasco went to trial does not automatically disqualify him from for consideration for the reduction.  See U.S. v. Cortes, 299 F.3d 1030 (9th Cir. 2002) (where the defendant could be considered for the acceptance of responsibility where he went to trial to preserve a constitutional claim).  The Court should assess whether, under the totality of the circumstances, Mr. Vasco accepted responsibility.  See generally U.S. v. Cohen, 171 F.3d 796 (3d Cir. 1999).

The defendant maintains that the adjusted offense level should be 30, because the base offense level is 32 and there should be a two point reduction for Acceptance of Responsibility.  It is also noteworthy that the government would not agree to allow Vasco to plead guilty under a Rule 11(a)(2) conditional plea.

4. <u>Mr. Vasco should be sentenced indeterminately under the provisions of 18 U.S.C. § 3553(a), and this Court should consider the mitigating circumstances surrounding the offense</u>.

Under the provisions of 18 U.S.C. § 3553(a), this Court must consider the following factors in fashioning a sentence for the defendant (pursuant to the ruling of Booker, infra):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)      to afford adequate deterrence to criminal conduct;

      (C)      to protect the public from further crimes of the defendant; and

      (D)      to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentence and the sentencing range established by [the sentencing guidelines];

5. any pertinent policy statement [issued by the Sentencing Commission];

6. the need to avoid unwarranted sentence disparity among defendants who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

      b.      The need for the sentence imposed to serve the public good; and

      c.      The Sentencing Guideline Category and Criminal History score.

As argued elsewhere in this Memorandum, the defendant requests that this Court determine his Sentencing Guideline score to be a level 30 with a criminal history category of 1. Subsequent to the determination of this factor (18 U.S.C. 3553), the Court must go on to weigh the other factors set forth in this statute. This results in discretion vested in this Court to determine the proper and reasonable sentence for Mr. Vasco, after taking into account the factors set forth in 18 U.S.C. 3553 (a), including the need for the sentence to be "sufficient, but not greater than necessary, to achieve the [goals of sentencing]."

Two things strongly indicate that Mr. Vasco should not be sentenced to an extraordinary term of imprisonment. The first is that Mr. Vasco's behavior was aberrant, and not representative of who he is. The second factor is the nature and circumstances of this offense.

Mr. Vasco does not have a history of violent behavior prior to the conduct which gave rise to the trial; the assault on Tricia Vasco. She even testified that the behavior was out of character for Mr. Vasco, and they did not have a history of marital violence.

Furthermore, Mr. Vasco, after his imprisonment, showed a high level of naivete and trust in people he was surrounded by. This is noted in the evaluations provided to the probation department. This trusting nature led him to be taken in by Kevin Perry, and his suggestible and naive nature allowed him to pursue this criminal act. The testimony at trial clearly revealed that Mr. Vasco was "egged on" at the least by Mr. Perry, and this is to be expected given the history presented in the psychological evaluations.

Finally, Mr. Vasco is not a United States citizen. At the end of any term of imprisonment, he will be deported to Equador. Therefore, the need to protect against recidivism is minimal as he will not be in this country at the end of his sentence.

As a result of the foregoing factors, there is little need for an extended sentence for purposes of deterrence or retribution. Mr. Vasco has lost the ability to see his child, and will be deported at the end of his sentence. Furthermore, the act was not normal behavior on his part, and he has a minimal criminal history. Combining these factors with his psychological predisposition to be swayed by Kevin Perry, and it is evident that Mr. Vasco is entirely different than the majority of defendants who are convicted of this offense. For these reasons, a short term of imprisonment is most appropriate after analyzing all of these factors.

**CONCLUSION**

Wherefore, Mr. Vasco requests that he be sentenced to a short term of imprisonment, and that he be ordered to serve his sentence in Equador to the maximum amount possible.

                        Respectfully Submitted,
                        By his Court-Appointed Attorney,

                        /s/ MELVIN NORRIS
                        Melvin Norris
                        260 Boston Post Rd.
                        Wayland, MA. 01778
                        Tel. 508 358 3305
                        BBO # 373900

February 20, 2007

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

                        /s/ Melvin Norris
                        MELVIN NORRIS