AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.

**GUILLERMO FREDERICO VASCO**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1: 05 CR 10164 - 001 - GAO

USM Number: 25678-038

MELVIN NORRIS, ESQUIRE
Defendant's Attorney

☐ Additional documents attached

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.
☑ was found guilty on count(s)  1s-5s   (Date of verdict: 11/15/06)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC sec. 1958 | Use of Interstate Commerce Facilities in Commission of Murder for hire | 04/07/05 | 1s |
| 18 USC sec. 1958 | Use of Interstate Commerce Facilities in Commission of Murder for hire | 04/28/05 | 2s |
| 18 USC sec.1958 | Use of Interstate Commerce Facilities in Commission of Murder for hire | 04/29/05 | 3s |
| 18 USC sec. 1958 | Use of Interstate Commerce Facilities in Commission of Murder for hire | 05/16/05 | 4s |
| 18 USC sec. 1958 | Use of Interstate Commerce Facilities in Commission of Murder for hire | 04/07/05 | 5s |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/08/07
Date of Imposition of Judgment

/s/ [signature]
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
Name and Title of Judge

March 9, 2007
Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page 2 of _____

DEFENDANT: **GUILLERMO FREDERICO VASCO**
CASE NUMBER: **1: 05 CR 10164 - 001 - GAO**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **240 month(s)**

120 months on each of counts 1s-4s to run concurrently with each other and 120 months on Count 5s to run consecutively to the 120 months imposed on Counts 1s-4s.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that the defendant participate in the 500 Hour Residential Drug Abuse Program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __3__ of _____

DEFENDANT: **GUILLERMO FREDERICO VASCO**
CASE NUMBER: **1: 05 CR 10164 - 001 - GAO**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

2 years on each of counts 1s-5s to run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **GUILLERMO FREDERICO VASCO**
CASE NUMBER: 1: 05 CR 10164 - 001 - GAO

Judgment—Page __4__ of _____

# ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is not to consume any alcoholic beverages.

The defendant is to participate in a program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
                 Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **GUILLERMO FREDERICO VASCO**
CASE NUMBER: **1: 05  CR  10164   - 001  - GAO**

Judgment — Page  5  of ____

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ $500.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

☐ See Continuation Page

**TOTALS**    $ _____ $0.00      $ _____ $0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Criminal Judgment
    Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **GUILLERMO FREDERICO VASCO**                 Judgment — Page 6 of
CASE NUMBER:    **1: 05 CR 10164 - 001 - GAO**
DISTRICT:    **MASSACHUSETTS**

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

    A ☑ **The court adopts the presentence investigation report without change.**

    B ☐ **The court adopts the presentence investigation report with the following changes.**
         (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
         (Use Section VIII if necessary.)

        1    ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

        2    ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

        3    ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

        4    ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

    C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

    A ☑ No count of conviction carries a mandatory minimum sentence.

    B ☐ Mandatory minimum sentence imposed.

    C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

         ☐ findings of fact in this case
         ☐ substantial assistance (18 U.S.C. § 3553(e))
         ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:    39
Criminal History Category:    I
Imprisonment Range:    262    to    327    months
Supervised Release Range:    2    to    3    years
Fine Range: $ 25,000    to $ 250,000
☑ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)  (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **GUILLERMO FREDERICO VASCO** | Judgment — Page 7 of |
| CASE NUMBER: **1: 05 CR 10164 - 001 - GAO** | |
| DISTRICT: **MASSACHUSETTS** | |

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

- A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

- B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

- C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

- D ☑ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

- A **The sentence imposed departs** (Check only one.):
  - ☐ below the advisory guideline range
  - ☐ above the advisory guideline range

- B **Departure based on** (Check all that apply.):

  1   **Plea Agreement** (Check all that apply and check reason(s) below.):
  - ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
  - ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
  - ☐ binding plea agreement for departure accepted by the court
  - ☐ plea agreement for departure, which the court finds to be reasonable
  - ☐ plea agreement that states that the government will not oppose a defense departure motion.

  2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
  - ☐ 5K1.1 government motion based on the defendant's substantial assistance
  - ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
  - ☐ government motion for departure
  - ☐ defense motion for departure to which the government did not object
  - ☐ defense motion for departure to which the government objected

  3   **Other**
  - ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

- C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

- D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

| DEFENDANT: | **GUILLERMO FREDERICO VASCO** | Judgment — Page   of |
|---|---|---|
| CASE NUMBER: | **1: 05 CR 10164 - 001 - GAO** | |
| DISTRICT: | **MASSACHUSETTS** | |

## STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A  **The sentence imposed is** (Check only one.):
☑ below the advisory guideline range
☐ above the advisory guideline range

B  **Sentence imposed pursuant to** (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3  **Other**
☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C  **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D  **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

There were two intended victims. Consecutive sentences imposed at statutory Maximum. Fuller explanation stated in the record in open court, a transcript of which is attached.

DEFENDANT: **GUILLERMO FREDERICO VASCO**
CASE NUMBER: **1: 05 CR 10164 - 001 - GAO**
DISTRICT: **MASSACHUSETTS**

Judgment — Page     of

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00-00-1975

Defendant's Residence Address: 117 Lexington Street, Apt. #3
East Boston, MA 01605

Defendant's Mailing Address:
Worcester County Jail and House of Correction
5 Paul X. Tivnan Drive
West Boylston, MA 01583

Date of Imposition of Judgment

Signature of Judge
The Honorable George A. O'Toole  Judge, U.S. District Court
Name and Title of Judge
Date Signed  March 9, 2007

sor vasco.txt

1

```
 1            UNITED STATES DISTRICT COURT FOR
                THE DISTRICT OF MASSACHUSETTS
 2

 3                                  )
 4   UNITED STATES OF AMERICA,      )
                                    )
 5            Plaintiff,            )
                                    )    Criminal Action
 6                                  )    No. 05-10164-GAO
     vs.                            )
 7                                  )
                                    )
 8   GUILLERMO FREDERICO VASCO,     )
                                    )
 9            Defendant.            )
                                    )
10

11
                TRANSCRIPT OF STATEMENT OF REASONS
12

13
             BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
14                 UNITED STATES DISTRICT JUDGE

15

16              United States District Court
              John J. Moakley U.S. Courthouse
17                  1 Courthouse Way
              Boston, Massachusetts  02210
18                   March 8, 2007
                      2:00 p.m.
19

20
                      * * * * * *
21

22
              SHELLY M. KILLIAN, RPR, CM, CRR
23                Official Court Reporter
              John J. Moakley U.S. Courthouse
24            1 Courthouse Way, Room 3510
                    Boston, MA  02210
25                   (617) 737-7117
```

2

```
 1  APPEARANCES:

 2  For the Plaintiff:

 3  Sandra S. Bower, AUSA
    Rachel E. Hershfang, AUSA
 4  United States Attorney's Office
    John Joseph Moakley Federal Courthouse
```

Page 1

```
                                sor vasco.txt
 5   1 Courthouse Way, Suite 9200
     Boston, Massachusetts  02210
 6
     For the Defendant:
 7
     Melvin Norris, Esq.
 8   Richard Farrell, Esq.
     260 Boston Post Road, Suite 9
 9   Wayland, Massachusetts  01778
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                                          3
 1                     P R O C E E D I N G S
 2              (The following proceedings were held in open court
 3   before the Honorable George A. O'Toole, Jr., United States
 4   District Judge, United States District Court, District of
 5   Massachusetts, at the John J. Moakley United States Courthouse,
 6   1 Courthouse Way, Boston, Massachusetts, on April 18, 2006.
 7              The defendant, Guillermo Frederico Vasco, is
 8   present with counsel.  Assistant U.S. Attorneys Sandra Bower
 9   and Rachel Hershfang are present.)
                                 Page 2
```

sor vasco.txt

10   THE COURT: Well, there are a number of factors in
11 the statute to be considered. In the order of enumeration, I
12 think the first is nature and circumstances of the offense, as
13 well as the circumstances of the defendant. And so it's
14 appropriate to consider the nature and circumstances of the
15 offenses. And, by the way, I -- the statute, I take it, means
16 the offense of conviction in context.
17   It's a serious offense. It is, however, a Class C
18 offense with a ten-year maximum established by the Congress.
19 In particular circumstances, the factual circumstances might
20 make any particular instance of its commission more or less
21 serious. But, in any event, I take it that any felony that
22 upon conviction of which a ten-year sentence can be imposed is
23 a serious offense. One of the I think remarkable consequences
24 of some of the high sentences that are available throughout is
25 we begin to think of ten-year sentences as if they were short

                                                              4

1 sentences or somehow minor punishment. Whatever the ultimate
2 sentence, I think ten years is still a very serious offense.
3   The nature and circumstances of the defendant
4 himself. He has pending charges, of course. I don't presume
5 any result on those, although I know something about the facts
6 that support the allegations and I am able to take those things
7 into account.
8   In terms of the defendant's social history, there
9 are some things that are of concern: His, perhaps the best way
10 to put it I think, his relatively instability -- and I use that
11 both socially and personally -- which is of concern. I think
12 it is of concern with -- when considered in connection with
13 another one of the statutory factors, which is the need for the
14 sentence to protect the public from further offenses by the

sor vasco.txt

15  defendant.  And a defendant who has relative instability is of
16  more risk to the community in general and perhaps the
17  particular people in the community than somebody else.
18          The federal statutes that were violated here are
19  part of an array of federal criminal penalties that generally
20  deal with or are most commonly applied to, I think is a better
21  way of saying it, organized crime and racketeering activities.
22  It's a little unusual to see them applied in connection with
23  what would otherwise be state offenses.  And so, for example,
24  one might think of a kind of heartland application of the
25  murder for hire, Section 1958, which prohibits strictly

                                                                5

1   speaking the use of interstate commerce facilities in pursuance
2   of a murder-for-hire scheme.  One might think of that as,
3   perhaps in a heartland case, aimed at activities of interstate
4   criminal enterprises, such as the classic mob, union
5   racketeering, things like that.  That's their genesis I think
6   it's fair to say.
7           So this is not particularly a heartland prosecution
8   in that context.  Murder itself, a murder of a husband by his
9   wife and his daughter is not a federal crime; it's a state
10  crime.  So I think I have to be conscious as a federal judge
11  sentencing for the violation of federal statutes the offense
12  against the federal sovereign and not act as if I were a state
13  judge punishing common law or state statutory offenses.  That's
14  not an answer; that's a guidance that stands alongside the
15  guidance that comes from the guidelines.
16          As I said, the offense of conviction is a serious
17  offense even at the level at which it is set, and there is an
18  important interest to be served in the deterrence of similar
19  offenses by others, other people than the defendant.  General

sor vasco.txt

20  deterrence.
21          We've talked about the apparent anomaly in the way
22  the guidelines operate on their face here, and that is -- I'm
23  not sure what the answer to that is.  But it leads me to be,
24  again, a bit leery of adopting the answer from the guidelines
25  as if it were unimpeached.  I think there is some question

                                                              6

1   about it.
2           Probation has suggested that one way of dealing
3   with that is to consider -- and maybe others, I'm not sure
4   whether Mr. Norris did as well -- consider what the alternate
5   calculation might have been at 32.  If you use that and grouped
6   in the same way, applied all the other adjustments, it would
7   have come to 34, which I think produces a range of 151 to 188.
8   That's not the official guideline range.  That's not the advice
9   of the guidelines strictly speaking as I've already said.
10  It's, again, something I think to be noted.
11          I note further that for the state crimes involved,
12  the defendant still is exposed to conviction and punishment.  I
13  don't presume the punishment because I can't do that.  There is
14  no conviction.  Again, it's one of the factors in general that
15  there is some possibility, perhaps even likelihood of
16  additional and presumably -- well, maybe I shouldn't say
17  presumably, but certainly possibly consecutive punishment by
18  the state authorities.  I say that because if there is a state
19  sentence imposed, it will follow this one.  And it would
20  certainly be not unusual for the separate state sovereign to
21  impose its own penalty from and after the conclusion of the
22  federal sovereign's penalty.
23          Whatever the guideline range, whether it's as
24  calculated as 262 to 328 or the shadow calculation of 151 to

sor vasco.txt

25  188 that's been suggested, whatever it is, I'm not disposed to

7

1  literally follow 5G1.2's advice about maximizing the
2  consecutive nature of things to get -- simply to get to the
3  guideline range.  I do think that some consecutive sentencing
4  is appropriate here because there are separate victims.
5           And I don't revisit that.  It was the jury
6  verdict.  The jury found the crime involved two separate
7  victims.  That was disputed at the trial, and the jury was
8  convinced beyond a reasonable doubt that that is the case.  So
9  I think consecutive sentences so that each victim's harm is
10 recognized in the sentence is appropriate.  I don't think it's
11 appropriate to multiply consecutive sentences for a given
12 victim.  That is, I don't think it's appropriate to seek to
13 impose consecutive sentences on Counts One through Four.
14          Prior to the guidelines, whether sentences would be
15 imposed consecutively or concurrently was obviously not
16 governed by the principles that were provided in the
17 guidelines.  It's in the statute I referred to 18, United
18 States Code 3584.  And it's certainly my experience that -- and
19 as far as I know, not only my experience but what I glean from
20 cases -- that the default position as it were, even for
21 multiple offenses of the same statute -- under the same statute
22 would be punished in confined criminal episodes concurrently.
23 So that there's a strong tendency towards concurrent.  And I
24 think in particular where here the offense, strictly speaking,
25 is the -- the key element of the offense, what makes it the

8

1  federal crime is the use of interstate facilities.  Attempting
2  two different murders is a greater distinction deserving of
3  more recognition than attempting one murder with three or four

sor vasco.txt

4  different letters, and I think those things should not be given
5  equal weight.
6       So, I recognize that as a matter of law, a sentence
7  under each of the five counts could be imposed consecutively
8  and that the sentence could be, therefore, up to 50 years. I
9  recognize, therefore, the sentence could be imposed within the
10 range that it's been calculated under the guidelines on their
11 face, which is the 262 to 327. I think a sentence in those
12 ranges, partly for the reasons I've said, or I guess
13 essentially for the reasons I've said, would be greater than
14 necessary to achieve the objective of the statute. And the
15 sentencing statute requires the sentence imposed be sufficient
16 but not greater than necessary to achieve the objectives set
17 forth.
18       I am impressed I think by Mrs. Vasco's plea that
19 she and her daughter be free of the concern that the defendant
20 be tempted to repeat any of the episodes, and that leads me to
21 consider a sentence that would be sufficiently long to
22 accomplish that. And I think that can be done by imposing
23 consecutive sentences at the statutory maximum for a total of
24 20 years.
25       As to other matters of the sentence, I will not

9

1  impose a monetary fine. I don't think there's any realistic
2  prospect of it being paid. And there will be a term of
3  supervised release and obviously deportation order and I will
4  sign the stipulation.
5       MR. NORRIS: Your Honor, would you recommend he go
6  to the 500-hour program for alcoholism?
7       THE COURT: Was that addressed in the PSR?
8       PROBATION OFFICER: I believe it was. He does have

sor vasco.txt
9    a documented history of alcohol abuse.
10            THE COURT:  Okay.  I see it, yes.  I see it.  Yes,
11   I will.
12            MR. NORRIS:  Thank you.
13            THE COURT:  Mr. Vasco, if you'd stand, please.
14            Guillermo Vasco, on your conviction of these
15   offenses and pursuant to the Sentencing Reform Act of 1984, it
16   is the judgment of the Court that you be and you hereby are
17   committed to the custody of the Bureau of Prisons to be
18   imprisoned for a term of 240 months.  This consists of terms of
19   120 months on Counts One through Four of the superseding
20   indictment, all to be served concurrently with one another, and
21   an equal term of 120 months on Count Five to be served
22   consecutively with the terms imposed on Counts One through
23   Four.
24            Upon your release from imprisonment, you shall be
25   placed on supervised release for a term of two years,

                                                          10
1   consisting of equal terms of two years on each of the counts of
2   conviction, all to be run and served concurrently.  Within 72
3   hours of your release from the custody of the Bureau of
4   Prisons, you shall report in person to the district to which
5   you have been released.
6            As I said, I will not impose a monetary fine.
7            While on supervised release, you will comply with
8   all the standard conditions that pertain to that status.  Those
9   are set forth in the United States Sentencing Guidelines at
10   Section 5D1.3(c).  Those conditions are incorporated by
11   reference and will be set forth at length in the judgment.
12            You shall not commit any other federal, state, or
13   local crime.  You shall not illegally possess any controlled

sor vasco.txt

```
14    substance.  You shall refrain from the unlawful use of any
15    controlled substance and shall submit to a drug test within 15
16    days of your release from imprisonment and at least two
17    periodic drug tests thereafter, not to exceed a total of 104
18    tests in a given year, all as may be directed by your probation
19    officer.
20              You shall submit to the collection of a DNA sample
21    as directed by the probation office.
22              You are prohibited from possessing a firearm,
23    destructive device, or other dangerous weapon.  During your
24    supervised release, you are to refrain from the consumption of
25    alcoholic beverages.  You may be required to participate in a

                                                                    11

 1    program for substance abuse counseling if directed to do so by
 2    the probation office, which may include random testing not to
 3    exceed a total of 104 tests in a given year, to determine
 4    whether you have reverted to the abuse of alcohol or drugs.
 5    You may be required to contribute to the cost of services for
 6    such program based on your ability to pay or the availability
 7    of third-party payment.
 8              You shall at all times use your true name and
 9    you're prohibited from using any false identifying information,
10    including but not limited to any aliases, false dates of birth,
11    false social security numbers, incorrect places of birth.
12              If you are ordered deported -- well, I guess we're
13    going to sign a stipulation.  I don't need to impose that
14    condition.
15              There is a mandatory special assessment of $100 for
16    each of the counts of conviction, a total of $500 which will be
17    due forthwith.
18              THE CLERK:  Guillermo Federico Vasco, you have the
                                Page 9
```

sor vasco.txt

19   right to file a notice of appeal in this case.  If you do wish
20   to file an appeal, you must file it within ten days from the
21   date the judgment is entered.  If you cannot afford an attorney
22   to file the appeal on your behalf, you may request the clerk of
23   the Court to file the appeal for you and I will do so.
24          Do you understand, sir?
25          THE DEFENDANT:  Yes, I do.

                                                              12

1           THE COURT:  All right.  The defendant stands
2    committed in the custody of the Marshal.
3           MS. BOWER:  Your Honor, if the Court could just
4    note the government's objection to the deviation of the
5    applicable guideline range.
6           THE COURT:  Noted.  We'll be in recess.
7           THE CLERK:  All rise.  Court is in recess.
8           (Adjourned, 3:25 p.m.)
9                     * * * * *
10
11
12
13
14
15
16
17
18
19
20
21
22
23

```
                                sor vasco.txt
24
25
```